In re Alvin Eugene RIFE Debtor.

**GRUNDY NATIONAL BANK, Movant,**

v.

**Alvin Eugene RIFE, et al.,
Respondents.**

Bankruptcy No. 7-86-00679-A.

United States Bankruptcy Court,
W.D. Virginia,
Abingdon Division.

March 6, 1987.

Browning, Morefield & Lamie, Abingdon, Va., for debtor.

Michael L. Shortridge, Norton, Va., for movant.

Jo S. Widener, Bristol, Va., for respondents.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

### MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES

### MOTION No. 2

The issue for determination is whether payments to which the Movant was entitled pursuant to the Debtor's confirmed Chapter 13 Plan, and which have not been paid by the Debtor, may be treated as an administrative expense under 11 U.S.C. § 503.

The following facts were presented to the Court. The Debtor filed his Chapter 13 petition and Plan on May 5, 1986. The Plan was confirmed on August 4, 1986. The Plan provided for one hundred per cent payment of secured and unsecured claims. Grundy National Bank (Bank) was to receive a monthly payment of $236.00 for a period of 48 months. This payment was based upon a loan made by the Bank to the Debtor for the purchase of a 1985 Chevrolet Cavalier. The Bank was also to receive, pursuant to the Plan, a monthly payment of $78.99 for 24 months, based upon a loan it made to the Debtor for his purchase of a 1976 Chevrolet Chevette.

On October 27, 1986, the Bank filed a Motion for Relief From the Stay as to the 1976 Chevette and the 1985 Cavalier. It filed, on the same date, a Motion for the Allowance and Payment of Administrative Expenses. The administrative expense was claimed for the payments in default under the Chapter 13 Plan. The Debtor filed a modified Plan before hearings were held on the two motions. The modified Plan provided that the Debtor return the 1985 Chevrolet Cavalier to the Bank in full satisfaction of the debt based upon the loan for that automobile. The modified Plan did not alter the Bank's rights with regard to the 1976 Chevrolet Chevette; it was to receive payment of one hundred per cent of its claim over a twenty-four month period. The Bank filed an objection to confirmation of the modified Plan.

The parties agreed to an Order dated January 8, 1987 that the stay be lifted as to the 1985 Chevrolet vehicle.

The Motion for Relief From the Stay with regard to the 1976 Chevette and the objection to confirmation of the Plan were heard on February 11, 1987. The determination herein will further modify the Order of February 27, 1987 as to issues presented.

The Motion for the Allowance and Payment of Administrative Expenses states that the Debtor failed to make any payments to Grundy National Bank as it was required to do under his Plan and that, therefore, the Court should allow the Bank to receive, as an administrative expense payable immediately, the amount of the arrearage. The Bank claims that it is entitled to the administrative expense under 11 U.S.C. § 503.

This Court finds that the failure to make payments was due to circumstances beyond this Debtor's control. The Court must consider whether the monthly payments of $78.99 which have not been paid since the original Plan was confirmed are an administrative expense to which the Bank is entitled.

The allowance of administrative expenses is governed by 11 U.S.C. § 503. This section provides:

"§ 503.  Allowance of
Administrative Expenses

(a) An entity may file a request for payment of an administrative expense.

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;

(B) any tax—

(i) incurred by the estate, except a tax of a kind specified in section 507(a)(7) of this title; or

(ii) attributable to an excessive allowance of a tentative carryback adjustment that the estate received, whether the taxable year to which such adjustment relates ended before or after the commencement of the case; and

(C) any fine, penalty, or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph;

(2) compensation and reimbursement awarded under section 330(a) of this title;

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—

(A) a creditor that files a petition under section 303 of this title;

(B) a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor;

(C) a creditor in connection with the prosecution of a criminal offense relating to the case or to the business or property of the debtor;

(D) a creditor, an indenture trustee, an equity holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title; or

(E) a custodian superseded under section 543 of this title, and compensation for the services of such custodian;

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

(5) reasonable compensation for services rendered by an indenture trustee in making a substantial contribution in a case under chapter 9 or 11 of this title, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title; and

(6) the fees and mileage payable under chapter 119 of title 28."

The language of § 503 does not explicitly provide for an administrative expense allowance for payments in arrears under a confirmed Chapter 13 Plan. The only language that is arguably applicable is that contained in § 503(b)(1)(A). Under subsec-

tion § 503(b)(1)(A), an allowance is made for the payment of the "actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." Although the use of "including" as a word of nonlimitation suggests that enumeration by Congress in § 503(b) of what constitutes claims for administrative expenses is not necessarily exclusive, the Court's discretion is not absolute. *See In re Ridgewood Sacramento, Inc.,* 20 B.R. 443 (Bankr.E.D.Cal.1982). While the Court has reasonable discretion in interpreting the provisions of § 503, such discretion does not include the power to go beyond the clear intent and well-established construction of the statute. *In re Baldwin-United Corp.,* 43 B.R. 443 (S.D. Ohio 1984). A comparison of 11 U.S.C. § 503(b)(1)(A) to the prior statute governing the allowance of administrative expenses evidences Congressional intent to reduce the amount of discretion enjoyed by Bankruptcy Courts in granting administrative priority. *Id.* The "actual, necessary costs and expenses" provision of § 503(b) should be narrowly construed in order to keep fees and administrative expenses at a minimum so as to effectuate the basic policy of the section to preserve the estate for the benefit of all creditors. Administrative expense payments are the type of priority given to those who either help preserve and administer the estate or assist with the rehabilitation of the debtor so that all creditors will benefit. *Armorflite Precision, Inc.,* 43 B.R. 14 (Bankr.Me.1984). The expenses claimed by Grundy National Bank are not expenses that were incurred in an effort to help preserve the estate. The claim is simply for payments owed to the Bank upon its secured claim under the Debtor's Plan. This Court is unaware of any instance in which a creditor in a Chapter 13 case has been permitted to claim as an administrative expense payments that are in default under the Plan. At best, this creditor might only be permitted to claim an administrative expense to the extent of the value of the use of its collateral for the period in question.

The Court has reviewed cases filed under Chapter 11 in which creditors have requested an administrative expenses allowance for the post-petition use of collateral where the debtor has failed to make payments to the creditor. Some courts have permitted a creditor to receive, as an administrative expense, an amount based upon the amount of depreciation suffered by the collateral due to the use and passage of time during which the debtor failed to make adequate protection payments. *See In re Mutschler,* 45 B.R. 494 (Bankr.D.N.D.1984); *In re Prime, Inc.,* 37 B.R. 897 (Bankr.W.D.Mo. 1984). In both these cases, the courts held that the creditor was not entitled to payments that had not been made by the debtor who retained the collateral.

A better approach was taken by the courts in *In re Advisory Information & Management Systems, Inc.,* 50 B.R. 627, 13 C.B.C.2d 55 (M.D.Tenn.1985) and in *In re Briggs Transportation Co.,* 47 B.R. 6 (Bankr.D.Minn.1984). In *In re Advisory Information & Management Systems, Inc.,* the court held that § 503(b) was not intended to provide an administrative expense award to a pre-petition secured lender based on the debtor's post-petition possession and use of collateral. The court stated that the policy of encouraging business dealings with the post-petition debtor during the reorganization period was not served by according an administrative priority to a pre-petition secured party. The creditor's protection was available under 11 U.S.C. §§ 361 and 362, and not under § 503(b), according to the court.

In *In re Briggs Transportation Co.,* the court held that a secured creditor was not entitled to payment, as an administrative expense, of the amount the collateral allegedly depreciated between the filing of the debtor's Chapter 11 case and the date it regained possession of the collateral. 47 B.R. at 7. The court stated that in order to be considered administrative expenses and entitled to priority pursuant to § 507(a)(1), the creditor must prove two points: (1) it must show that the debtor incurred an expense and (2) it must show that administrative expense necessary to preservation of the estate. The creditor failed to prove

either point. The court reasoned that Congress had dealt with the situation of a debtor retaining collateral by enacting § 362(d) which entitles the creditor to relief from the automatic stay or adequate protection. The court noted that the granting of an administrative expense under § 503(b)(1) is specifically excluded from the examples of adequate protection which can be offered under § 361.

The Court holds that Grundy National Bank, a pre-petition creditor, is not entitled to an administrative expense for default payments under the confirmed Plan.

Further, the Court finds that the Debtor's modified Plan, confirmed by Order dated February 27, 1987, provides that the Bank will receive payment of one hundred per cent of its claim. The Bank's interest is protected by the modified Plan.

An appropriate Order will be entered denying relief from the stay and allowance of administrative expenses for defaulted payments under the Chapter 13 Plan.

Service of a copy of this Memorandum Opinion is being made by mail to the Debtor; BROWNING, MOREFIELD & LAMIE, Counsel for Debtor; Michael L. Shortridge, Esquire, Counsel for Grundy National Bank; and to Jo S. Widener, Esquire, Trustee.